**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
**ROCHESTER DIVISION**

| | | |
|---|---|---|
| RAYMOND HASTO | ) | Case No. 6:14-cv-06462 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | |
| COHEN & SLAMOWITZ, LLP | ) | **Jury Trial Demanded** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court under 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, Raymond Hasto ("Plaintiff"), is a natural person who at all relevant times resided in the State of New York, County of Monroe, and City of Rochester.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Cohen & Slamowitz, LLP ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal Discover Bank credit card account (the "Debt").

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another

11. On July 11, 2013, Discover Bank sent Plaintiff a written communication informing Plaintiff that Discover had been authorized to proceed with legal action in order to collect the Debt. *See* July 11, 2013 Correspondence, attached as Exhibit A.

12. Discover Bank's July 11, 2013 communication stated the balance of the Debt as $9,714.44. Exhibit A.

13. Discover Bank ceased attempting to collect the Debt from Plaintiff after July 11, 2013.

14. Discover Bank ceased charging interest on the Debt after July 11, 2013.

15.     Upon information and belief, it is Discover Bank's regular business practice to cease collecting interest on an account after a certain point in order to reduce continued collection costs and reduce the amount of "bad debt" on its books.

16.     Discover Bank voluntarily waived its right to subsequently charge interest on the Debt.

17.     On August 8, 2013, Defendant sent Plaintiff an initial written communication informing Plaintiff that Discover Bank retained Defendant in order to collect the Debt from Plaintiff.  *See* August 8, 2013 Correspondence, attached as Exhibit B.

18.     Defendant's August 8, 2013 Correspondence asserted the balance of the Debt as $9,716.84.  Exhibit B.

19.     Upon information and belief, Defendant acquired Plaintiff's Debt in its office on August 7, 2013 and added one day's worth of accrued interest to the Debt in its August 8, 2013 communication.

20.     Defendant assessed interest to the Debt at a rate of 9%.

21.     Upon information and belief, neither the contract creating the Debt, nor any law, expressly permitted Defendant to assess interest to the Debt at a rate of 9%.

22.     Also, given that Discover Bank ceased charging interest on the Debt, Defendant did not have the legal right to assess interest on the Debt.

23.     Defendant's August 8, 2013 Correspondence stated, in part: "At this time, no attorney with this firm has personally reviewed the particular circumstances of your account."

24. Upon information and belief, because no attorney with Defendant had reviewed the circumstances of Plaintiff's Debt at the time it sent its letter, Defendant's policy is to automatically assess interest to an account without regard to whether it has the legal right to do so.

25. In the alternative, Defendant's statement that no attorney had reviewed Plaintiff's Debt was false.

26. On August 20, 2013, in response to Plaintiff's request for validation of the Debt, Defendant sent Plaintiff a written communication stating the balance of the Debt as $9,714.44. (See August 20, 2013 Correspondence, attached as Exhibit C).

27. On September 23, 2013, Defendant sent another communication to Plaintiff, again stating the balance of the Debt as $9,714.44. (See September 23, 2013 Correspondence, attached as Exhibit D).

28. Defendant's Initial Communication falsely represented the amount of the Debt by stating the balance due as $9,716.84, when the balance of the Debt was $9,714.44.

29. In the alternative, Defendant's subsequent communications falsely represented the amount of the Debt, and if so, Defendant failed to provide proper verification of the debt in compliance with 15 U.S.C. § 1692g(b).

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

30. Plaintiff repeats and re-alleges each and every factual allegation above.

31. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(5)

32. Plaintiff repeats and re-alleges each and every factual allegation above.

33. Defendant violated 15 U.S.C. § 1692e(5) by taking or threatening to take an action it could not legally take or did not intend to take..

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(5);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(10)

34. Plaintiff repeats and re-alleges each and every factual allegation above.

35. Defendant violated 15 U.S.C. § 1692e(2)(A) by using false, deceptive, or misleading representations or means in connection with the collection of Plaintiff's Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692f(1)

36. Plaintiff repeats and re-alleges each and every factual allegation above.

37. Defendant violated 15 U.S.C. § 1692f(1) by using unfair or unconscionable means to collect or attempt to collect Plaintiff's Debt, including collecting or attempting to collect an amount (including any interest, fee, charge, or

expense incidental to the principal obligation) where such amount is not expressly authorized by the agreement creating the Debt or by law.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692f(1);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT V
### VIOLATION OF 15 U.S.C. § 1692g(b)

38. Plaintiff repeats and re-alleges each and every factual allegation above.

39. Defendant violated 15 U.S.C. § 1692g(b) by failing to provide proper verification in response to Plaintiff's written request for verification.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

40. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: August 8, 2014

Respectfully submitted,

s/Russell S. Thompson IV
Russell S. Thompson IV
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
Email: rthompson@consumerlawinfo.com

s/Joseph Panvini
Joseph Panvini
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
Email: jpanvini@consumerlawinfo.com